

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 8:25CR242 |
| ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," | SEALED INDICTMENT |
| JIMENA ROMINA ARAYA NAVARRO, | 18 U.S.C. § 1349 |
| DANIEL EDUARDO BASTARDO TORREALBA, | 18 U.S.C. § 371 |
| JAHIDY MARIALFRED BENITEZ NAVAS, | 18 U.S.C. § 1956(h) |
| ERIC GABRIEL CARDENAS ARZOLA, | 18 U.S.C. § 2339A |
| ALEJANDRO CASTILLO, | |
| ASLHY JAVIER GALEANO BASURTO, | |
| JOSE DARIO GALEANO BAZURTO, | |
| ANTHONY WUILLIAM HERNANDEZ GUERRERO, | |
| ROMNEI XAVIER LOPEZ DUGARTE, | |
| CESAR BERMUDEZ MACHADO, | |
| CARLOS JAVIER MARTINEZ ARMENTA, | |
| OSCAR LEONARDO MARTINEZ PIRONA, | |
| LEONARDO RAFAEL MONTBRUN ALVAREZ, | |
| JOSE ALEJANDRO RIOS AMBANI, | |
| NESTOR IVAN TAMAYO GONZALEZ, | |
| JOSE WLADIMIR TEJERA ABREU, | |
| WLADIMIR JOSE TEJERA ABREU, | |

1

TATIANA LISBETH TORREALBA,

FRANCISCO REQUENA TORREALBA,

CARLOS ALBERTO UZCATEGUI RAMIREZ, and

JEAN CLAUDE VERA,

           Defendants.

The Grand Jury charges:

At all times relevant to this Indictment,

### Introduction: Tren de Aragua and ATM Jackpotting

1. Tren de Aragua ("TdA") is a violent transnational criminal organization that originated as a prison gang in Venezuela in the mid-2000s. TdA has expanded its criminal network throughout the Western Hemisphere and established a presence in the United States, including Nebraska, Texas, Colorado, New York, New Mexico, Florida and elsewhere, as well as internationally in Venezuela, Colombia, Peru, Chile and elsewhere.

2. TdA's criminal activities include human smuggling and other illicit acts that target migrants. TdA has developed additional revenue sources through a range of other criminal activities, including illegal gold mining, drug trafficking, firearms trafficking, commercial sex trafficking, kidnapping, robbery, theft, fraud, and extortion. TdA has also developed an additional source of revenue stream through financial crimes that target financial institutions throughout the United States. TdA members also commit murder, assault, and other acts of violence to enforce and further the organization's criminal activities. TdA has formed ties with other criminal groups operating in the Western Hemisphere and, at times, is willing to collaborate with other criminal groups and organizations on a local and ad hoc basis.

3. A "jackpotting" attack is a type of cyberattack where criminals exploit vulnerabilities in

Automated Teller Machines ("ATMs") or Interactive Teller Machines ("ITMs") of financial institutions by using malware to force the ATMs or ITMs to dispense cash without debiting an account.

4. "Malware" is an abbreviated term for "malicious software." Malware refers to software programs designed to damage or do other unwanted actions on a computer system.

5. "Ploutus" is a specific type of malware designed to be used in ATM jackpotting to force an ATM to dispense cash.

6. A "Raspberry Pi" device is a small, affordable type of computer with its own memory, processor, and drivers, with the malware to then deploy on the ATMs' or ITMs' computer.

7. TdA has used ATM jackpotting in the United States to steal millions of dollars from financial institutions in the United States. Typically, members or associates of TdA would conduct surveillance, break into an ATM, and deploy malicious software (malware) intended to force the ATM to dispense the currency held within it. Within TdA, the jackpotting proceeds would then be transferred among members and associates of the organization in an effort to conceal the fact that they are illegally obtained proceeds.

8. On February 20, 2025, the United States Secretary of State designated Tren de Aragua as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act. On February 20, 2025, the Secretary of State also designated Tren de Aragua as a Specially Designated Global Terrorist under Executive Order 13224. On July 11, 2024, Tren de Aragua was designated by U.S. Department of the Treasury as a transnational criminal organization under Executive Order 13581. The Secretary of State has also listed the following alias for Tren de Aragua: Aragua Train. To date, Tren de Aragua remains a designated FTO.

9. At all times relevant to this Indictment, Victim Bank-1 through Victim Bank-53 (collectively, the "Victim Banks") were all insured by the Federal Deposit Insurance Corporation.

10. At all times relevant to this Indictment, Victim Credit Unit-1 through Victim Credit Union-40 (collectively, the "Victim Credit Unions") were all insured by the National Credit Union Administration Board.

11. The Victim Banks and Victim Credit Unions were all Financial Institutions as defined in 18 U.S.C. § 20 (collectively, "the Victim Financial Institutions").

## COUNT I
### CONSPIRACY TO COMMIT BANK FRAUD

12. The factual allegations contained in paragraphs 1 through 11 of this Indictment are re-alleged as though fully set forth herein.

13. During the course of the conspiracy, ATM malware was generally deployed in three stages. The first stage involved installation of the hardware. Specifically, members of the conspiracy would typically gain physical access to the ATM, remove the data storage device (referred to as a hard drive, or solid-state drive) from the ATM, install malicious code onto the data storage device, and then reinsert the data storage device into the ATM. The second stage occurred when the malware was activated. Members of the conspiracy would activate the malware remotely, through special codes or commands. The malware employed would bypass the ATM's security systems, effectively taking control of the ATM's operations. Third and finally, a "dispense" command would be sent to the ATM. With the malware bypassing the ATM's security systems, the ATM would then dispense cash until it runs out or the process is disrupted.

14. The process described in paragraph 13 typically involved multiple defendants working in concert to successfully complete an ATM jackpotting attack. Typically, members of the

4

conspiracy would travel in advance before the ATM jackpotting attack to take pictures of the ATM, as well as the hardware and internal components, and to ensure that there was not a silent hood alarm on the ATM. Other co-conspirators, after surveillance had been completed, would then install the malware. After the malware was successfully deployed, other co-conspirators would go to the ATM to retrieve the cash after the dispense command had been effectuated. The malware used during the course of the conspiracy contained an executable file that would cause the malware to self-delete after the ATM jackpotting was complete. The purpose of this particular feature of the malware was to avoid detection if the ATM's software was forensically analyzed.

15. The ATM jackpotting conspiracy described herein was very profitable for the conspiracy. Between in or around February 2024 and in or around December 2025, the defendants committed or attempted to commit at least 63 ATM jackpottings of the Victim Banks. Between in or around February 2024 date and in or around December 2025, the defendants committed or attempted to commit at least 54 ATM jackpottings of the Victim Credit Unions. The overall loss to the Victim Financial Institutions was at least approximately $5,401,181 and at least an additional $1,429,738 was attempted. The defendants who participated in a particular jackpotting attack would be permitted to keep a percentage of the proceeds. The remainder of the proceeds were delivered, distributed, transferred, or deposited with other members of the conspiracy to create the appearance that they were legitimate proceeds from lawful activity.

16. The losses to the Victim Financial Institutions were sometimes well in excess of $100,000 at each ATM jackpotting attack. For example, on or about August 16 and August 17, 2025, members of the conspiracy committed a jackpotting attack on two ATMs at Victim Credit

Union-2, located in Kearney, Nebraska, and obtained approximately $300,000 in illicit proceeds.

Statutory Allegations

17. From at least in or around January 2024 through at least in or around December 2025, in the District of Nebraska and in Venezuela, Colombia, Mexico, Spain, and elsewhere, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," DANIEL EDUARDO BASTARDO TORREALBA, JAHIDY MARIALFRED BENITEZ NAVAS, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ROMNEI XAVIER LOPEZ DUGARTE, CARLOS JAVIER MARTINEZ ARMENTA, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, FRANCISCO REQUENA TORREALBA, and others known and unknown to the Grand Jury did: knowingly and willfully conspire, combine, confederate and agree among each other and with other persons to execute a scheme to defraud the Victim Financial Institutions in violation of Title 18, United States Code, Section 1344(1).

In violation of Title 18, United States Code, Section 1349.

## COUNT II
### CONSPIRACY TO COMMIT BANK BURGLARY AND FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

18. The factual allegations contained in paragraphs 1 through 17 of this Indictment are re-alleged as though fully set forth herein.

19. From at least in or around January 2024 through at least in or around December 2025, in the District of Nebraska and in Venezuela, Colombia, Mexico, Spain, El Salvador, Honduras, and elsewhere, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," DANIEL EDUARDO BASTARDO

6

TORREALBA, JAHIDY MARIALFRED BENITEZ NAVAS, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ROMNEI XAVIER LOPEZ DUGARTE, CARLOS JAVIER MARTINEZ ARMENTA, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, FRANCISCO REQUENA TORREALBA, and others known and unknown to the Grand Jury knowingly conspired and agreed with each other to commit acts and offenses against the laws of the United States, namely:

   a. to enter or attempt to enter a building used in whole or in part as a bank whose deposits were then insured by the Federal Deposit Insurance Corporation and by the National Credit Union Administration Board, with the intent to commit a larceny, in violation of Title 18, United States Code, Section 2113(a);

   b. to knowingly and with intent to defraud accessed and attempted to access a protected computer without authorization and by means of such conduct to further the intended fraud and obtain something of value, to wit: United States currency, in violation of Title 18, United States Code, Section 1030(a)(4); and

   c. to knowingly cause the transmission of a program, information, code, and command and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and cause loss to persons during a 1-year period from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, and cause damage affecting 10 or more protected computers during a 1-year period in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B).

20. The object of the conspiracy was to be accomplished by the manner and means as described in Paragraphs 12-16 above, which are re-alleged and incorporated as if set forth herein.

21. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the District of Nebraska and elsewhere:

   a. On or about October 6, 2024, defendant ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," and individuals known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at one of the Victim Banks located in Nebraska City, Nebraska and obtained approximately $19,000 in illegal proceeds.

   b. On or about October 26, 2024, defendants ANIBAL ALEXANDER CANELON AGUIRRE A/K/A "PROMETHEUS" A/K/A "THE ENGINEER," DANIEL EDUARDO BASTARDO TORREALBA, ASLHY JAVIER GALEANO BASURTO, CARLOS JAVIER MARTINEZ ARMENTA, and individuals known and unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at one of the Victim Banks in Lincoln, Nebraska and attempted to obtain approximately $199,466 in illegal proceeds.

   c. On or about December 4, 2024, defendant ANIBAL ALEXANDER CANELON AGUIRRE A/K/A "PROMETHEUS" A/K/A "THE ENGINEER" and individuals known and unknown to the Grand Jury committed a jackpotting attack at an ATM located at one of the Victim Credit Unions in Omaha, Nebraska and obtained approximately $29,280 in illegal proceeds.

   d. On or about March 30, 2025, defendant ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," and individuals known and unknown to the Grand Jury committed a jackpotting attack at an ATM located at one of the Victim Banks in Omaha, Nebraska and obtained approximately

$79,200 in illegal proceeds.

In violation of Title 18, United States Code, Section 371.

## COUNT III
CONSPIRACY TO COMMIT MONEY LAUNDERING

22. The factual allegations contained in paragraphs 1 through 21 of this Indictment are re-alleged as though fully set forth herein.

23. From at least in or around January 2024 through at least in or around December 2025, in the District of Nebraska and in Venezuela, Colombia, Mexico, Spain, El Salvador, Honduras, and elsewhere, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," JIMENA ROMINA ARAYA NAVARRO, DANIEL EDUARDO BASTARDO TORREALBA, JAHIDY MARIALFRED BENITEZ NAVAS, ERIC GABRIEL CARDENAS ARZOLA, ALEJANDRO CASTILLO, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ANTHONY WUILLIAM HERNANDEZ GUERRERO, ROMNEI XAVIER LOPEZ DUGARTE, CESAR BERMUDEZ MACHADO, CARLOS JAVIER MARTINEZ ARMENTA, OSCAR LEONARDO MARTINEZ PIRONA, LEONARDO RAFAEL MONTBRUN ALVAREZ, JOSE ALEJANDRO RIOS AMBANI, NESTOR IVAN TAMAYO GONZALEZ, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, TATIANA LISBETH TORREALBA, FRANCISCO REQUENA TORREALBA, CARLOS ALBERTO UZCATEGUI RAMIREZ, JEAN CLAUDE VERA, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire with others:

   a. to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, Financial Institution Fraud in violation of Title 18, United States Code,

Section 1344, Damage to a Protected Computer System in violation of Title 18, United States Code, Section 1030(a)(5)(A), and Bank Burglary in violation of Title 18, United States Code, Section 2113(a), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i);

b. to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit: Financial Institution Fraud in violation of Title 18, United States Code, Section 1344; Damage to a Protected Computer System in violation of Title 18, United States Code, Section 1030(a)(5)(A); and Bank Burglary in violation of Title 18, United States Code, Section 2113(a), all contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i); and

c. to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value

greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of United States currency and funds, such property having been derived from a specified unlawful activity, that is wire fraud, contrary to Title 18, United States Code, Section 1957.

24. The object of the conspiracy was to be accomplished by the manner and means as described in Paragraphs 12-16, which are re-alleged and incorporated as if set forth herein.

In violation of Title 18, United States Code, Section 1956(h).

### COUNT IV
CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO TERRORISTS

25. The factual allegations contained in paragraphs 1 through 24 of this Indictment are re-alleged as though fully set forth herein.

26. From at least in or around January 2024 through at least in or around December 2025, in the District of Nebraska, and in Venezuela, Colombia, Mexico, Spain, El Salvador, and Honduras and elsewhere, within the extraterritorial jurisdiction of the United States of America, the defendants ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," JIMENA ROMINA ARAYA NAVARRO, DANIEL EDUARDO BASTARDO TORREALBA, JAHIDY MARIALFRED BENITEZ NAVAS, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ROMNEI XAVIER LOPEZ DUGARTE, CARLOS JAVIER MARTINEZ ARMENTA, OSCAR LEONARDO MARTINEZ PIRONA, LEONARDO RAFAEL MONTBRUN ALVAREZ, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, FRANCISCO REQUENA TORREALBA, and others known and unknown to the Grand Jury did conspire to provide material support and resources, to wit: both tangible and intangible property, services, lodging, training, and personnel (including themselves), and conceal and

disguise the nature, location, source, and ownership of the material support and resources, knowing and intending they were to be used in preparation for and in carrying out, a violation of: Title 18, United States Code, Section 1030(a)(5)(A), and in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation.

All in violation of Title 18, United States Code, Section 2339A.

## FORFEITURE

27. The allegations contained in Count I of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

28. The allegations contained in Count II of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

29. The allegations contained in Count III of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

30. The allegations contained in Count IV of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (G) and Title 28, United States Code, Section 2461(c).

31. Upon conviction of an offense in violation of Title 18, United States Code, Section 1349 set forth in Count I of this Indictment, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," DANIEL EDUARDO BASTARDO TORREALBA, JAHIDY MARIALFRED BENITEZ NAVAS, ASLHY

JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ROMNEI XAVIER LOPEZ DUGARTE, CARLOS JAVIER MARTINEZ ARMENTA, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, and FRANCISCO REQUENA TORREALBA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), any property, real or personal, involved in such offense and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

32. Upon conviction of an offense in violation of Title 18, United States Code, Section 371 set forth in Count II of this Indictment, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," DANIEL EDUARDO BASTARDO TORREALBA, JAHIDY MARIALFRED BENITEZ NAVAS, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ROMNEI XAVIER LOPEZ DUGARTE, CARLOS JAVIER MARTINEZ ARMENTA, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, and FRANCISCO REQUENA TORREALBA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offense and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

33. Upon conviction of an offense in violation of Title 18, United States Code, Section 1956 as set forth in Count III of this Indictment, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," JIMENA ROMINA ARAYA NAVARRO, DANIEL EDUARDO BASTARDO TORREALBA,

JAHIDY MARIALFRED BENITEZ NAVAS, ERIC GABRIEL CARDENAS ARZOLA, ALEJANDRO CASTILLO, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ANTHONY WUILLIAM HERNANDEZ GUERRERO, ROMNEI XAVIER LOPEZ DUGARTE, CESAR BERMUDEZ MACHADO, CARLOS JAVIER MARTINEZ ARMENTA, OSCAR LEONARDO MARTINEZ PIRONA, LEONARDO RAFAEL MONTBRUN ALVAREZ, JOSE ALEJANDRO RIOS AMBANI, NESTOR IVAN TAMAYO GONZALEZ, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, TATIANA LISBETH TORREALBA, FRANCISCO REQUENA TORREALBA, CARLOS ALBERTO UZCATEGUI RAMIREZ, and JEAN CLAUDE VERA, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(1).

34. Upon conviction of an offense in violation of Title 18, United States Code, Section 2339A as set forth in Count IV of this Indictment, the defendants, ANIBAL ALEXANDER CANELON AGUIRRE, A/K/A "PROMETHEUS," A/K/A "THE ENGINEER," JAHIDY MARIALFRED BENITEZ NAVAS, JIMENA ROMINA ARAYA NAVARRO, DANIEL EDUARDO BASTARDO TORREALBA, ASLHY JAVIER GALEANO BASURTO, JOSE DARIO GALEANO BAZURTO, ROMNEI XAVIER LOPEZ DUGARTE, CARLOS JAVIER MARTINEZ ARMENTA, OSCAR LEONARDO MARTINEZ PIRONA, LEONARDO RAFAEL MONTBRUN ALVAREZ, JOSE WLADIMIR TEJERA ABREU, WLADIMIR JOSE TEJERA ABREU, and FRANCISCO REQUENA TORREALBA, shall forfeit to the United States of America any property, real or personal, involved in such

offense, and any property traceable to such property pursuant to Title 18, United States Code, Section 981(a)(1)(C) & (G).

35. The property to be forfeited includes, but is not limited to, the following:

   a. A sum of money equal to the total amount of proceeds traceable to such offenses for which the Defendants are convicted at least in the amount of $5,401,181.

36. If any of the property described above, as a result of any act or omission of the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18 United States Code Sections 981(a)(1)(C), 982(a)(1), 982(a)(2)(A); and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

*Sean P. Lynch* (signature)

SEAN P. LYNCH, #25275
Assistant U.S. Attorney

DANIEL PACKARD #21991
Assistant U.S. Attorney

FRANK LIN
Senior Counsel, CCIPS

JULIE A. CHILDRESS
Trial Attorney, Joint Task Force Vulcan
United States Department of Justice

KATELAN MCKENZIE DOYLE
Trial Attorney, Joint Task Force Vulcan
United States Department of Justice